UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALVIN GRANT, SR., ET AL. | CIVIL ACTION |
| VERSUS | NO. 19-7749 |
| FCA US, LLC, ET AL. | SECTION A(1) |

## ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 13)** filed by Alvin Grant, Sr., Alta Grant, and Alvin Grant, Jr. (hereinafter collectively referred to as "Plaintiffs"). Defendant FCA US, LLC ("FCA") opposes the motion (Rec. Doc. 14) and Plaintiffs replied (Rec. Doc. 20). The Motion, set for submission on May 15, 2019, is before the Court on the briefs without oral argument. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that Plaintiffs' **Motion to Remand (Rec. Doc. 13)** is **GRANTED** for the reasons set forth below.

**I.    Background**

On April 5, 2018, Plaintiff Alvin Grant Sr., a passenger in a rented 2018 Dodge Caravan, incurred several injures as a result of a motor vehicle accident allegedly caused by Robert Matlock (Rec. Doc. 1-2, ¶¶ 5-7). During the collision, Plaintiffs argue that the seat failed to properly restrain and protect Grant Sr. (*Id.* at 13). Plaintiffs filed suit in the Civil Judicial District Court for the Parish of Orleans alleging that the 2018 Dodge Caravan designed, manufactured, distributed, and sold by Defendant FCA violated the Louisiana Product Liability Act, La. R.S. 9:2800.51. (*Id.* at 19). The state court Petition also asserted claims for uninsured motorist benefits against USAA Casualty Insurance Company, Empire Fire and Marine Insurance Company, and EAN Holdings, LLC d/b/a Enterprise Car Rentals. (*Id.* at 40- 47). Defendant FCA

removed the matter to this Court pursuant to diversity jurisdiction, 28 U.S.C § 1332 in accordance with 28 U.SC. § 1441(b). (Rec. Doc. 1, p. 1). Plaintiffs now request this Court to remand the case back to state court.

## II. Legal Standard

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir. 1993), cert. denied, 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993). In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, and that removal statutes should be strictly construed. See, e.g., *Manguno v. Prudential Prop. & Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002). Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000).

## III. Discussion

Plaintiffs move to remand the case to the Civil District Court for the Parish of Orleans on the rationale that more than thirty days have passed since service of the last served Defendant and FCA's co-Defendants have not consented to removal. (Rec. Doc. 13, p. 2). Plaintiffs argue that all Defendants were served on March 22, 2019. As more than thirty days have lapsed, Plaintiffs assert that Defendant FCA violated the "rule of unanimity." (Rec. Doc. 13-1, pp. 2-3). FCA opposes the motion arguing that it did not have knowledge that its co-Defendants were served because Plaintiffs failed to file proof of service into the state court record prior to removal. (Rec. Doc. 14, p. 1). FCA asserts that the facts constitute as an "exceptional circumstance" to the thirty-day consent rule. (*Id.* at 3). Additionally, FCA argues that consent from USAA Insurance Agency, Inc., Empire Fire and Marine Casualty Insurance Company, and

EAN Holding, LLC d/b/a Enterprise Care Rentals is not required because they are nominal defendants. (*Id.* at 6). Plaintiffs respond that the case does not present "exceptional circumstances" and the remaining Defendants are not nominal. (Rec. Doc. 20, pp. 5-8).

Pursuant to 28 U.S.C. Section 1446(b) "all defendants who have been properly joined and served must join in or consent to the removal of the action." "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal." 28 U.S.C. § 1446 (b). The Fifth Circuit established that all defendants who have been served before removal must consent to removal within thirty days. *Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992). "Exceptional circumstances" such as bad faith and forum manipulation excuse a removing defendant's failure to obtain consent from its co-defendants within the thirty day period. *Brown v. Demco*, 792 F.2d 478, 482 (5th Cir. 1986).

In this case, all Defendants were served by March 22, 2019. (Rec. Doc. 13-3, 13-4, 13-5, 13-6). On April 3, 2019, Defendant FCA removed the matter to this Court, prior to the state court record reflecting that the other Defendants had been served. (Rec. Doc. 14, p. 5). As cited by Plaintiffs, the United States District Court in Texas "attempted to amend the general rule…to a rule where consent need only be obtained from those defendants about whom the removing defendant actually knew or should have known had been served." *Forman v. Equifax Credit Info. SVCS., Inc., et al.,* 91-431, 1997 WL 162008, at *2 (E.D.La. 1997). The Eastern District in *Forman* rejected the equitable approach to the general rule and emphasized that the removing defendant failed to attempt to contact the co-defendants either through the secretary of state or the local address on the state court petition. *Id.* The defendant would have needed to contact the

co-defendants directly prior to removal even if a return service had been filed into the state court record prior to removal. *Id.*

The Court also notes a more recent decision from this district in which remand was denied on the grounds that the removing defendant lacked notice of service. This case is distinguishable because the defendant argued that it diligently attempted to contact its co-defendants several times to obtain removal consent. *Wagner v. Government Employees Insurance Company, et al.,* 18-10281, 2019 WL 626430, at*2 (E.D.La. Feb. 14 2019). Considering Defendant FCA's failure to attempt to contact the other Defendants and the lack of facts supporting bad faith and forum manipulation, the Court finds that the facts do not present an exceptional circumstance, and remand is appropriate.

The Court also finds that the co-Defendants are not nominal. Fifth Circuit precedent establishes that "nominal" or "formal" parties need not join in a removal petition. *Farias v. Bexa County Bd. of Trustees for Mental Health Mental Retardation Services,* 925 F.2d 866, 871, (5th Cir. 1991)(citing *Robinson v. National Cash Register Co*., 808 F.2d 1119, 1123 (5th Cir.1987); *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549–50 (5th Cir. 1981); *Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen and Assistants' Local 349, Int'l Printing Pressmen and Assistants' Union of N. Am.,* 427 F.2d 325, 327 (5th Cir. 1970)). In order to establish that a defendant is nominal, "the removing party must show ... that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court." *Id.* (quoting *B., Inc.*, 663 F.2d at 549).

Defendant FCA argues that Plaintiffs lump together the co-Defendants as one and allege that in light of the rental contract, there exists liability and uninsured/underinsured motorist coverage. (Rec. Doc. 14, p. 6). FCA asserts that its co-Defendants have yet to file an answer or

motion for an extension of time. (*Id.* at 7). FCA argues that Plaintiffs' failure to prosecute their action against the Defendants is a use of the federal removal rules for "gamesmanship" and that Plaintiffs merely intend to complicate the removal process. (*Id.*).

The state court Petition pleads that Defendants USAA, Empire Fire and Marine Insurance Company, and EAN Holdings, LLC d/b/a Enterprise Car Rentals are liable to Plaintiffs pursuant to an uninsured/underinsured motorist claim. (Rec. Doc. 1, ¶¶ 40-47). The Court finds that these claims are neither nominal nor formal. The Court declines to find that Plaintiffs' "failure to prosecute" equates to designating the Defendants as nominal. The Court finds that FCA failed to show that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing Defendants in state court.

## IV. Conclusion

Accordingly;

IT IS ORDERED that the **Motion to Remand (Rec. Doc. 13)** is **GRANTED**.

New Orleans, Louisiana, this 26th day of June, 2019

                                                             JUDGE JAY C. ZAINEY
                                         UNITED STATES DISTRICT JUDGE